IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OIL LIFT TECHNOLOGY INC.<br><br>  Plaintiff,<br><br>v.<br><br>Millennium Oilflow Systems & Technology Inc. and Most Oil USA Inc.<br><br>  Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Oil Lift Technology Inc. ("Oil Lift") brings this complaint against defendant Millennium Oilflow Systems & Technology Inc., and Most Oil USA Inc. (collectively "MOST") for patent infringement and alleges as follows:

### NATURE OF ACTION

1. Oil Lift is a leader in the field of progressing cavity pump (PCP) systems for the oil field.

2. PCPs are a type of oil pump that transfers oil by turning a "rotor" located within a "stator" at the bottom of the oil well. As the rotor turns within the stator in a cork-screw motion, oil is moved within from a lower cavity in the stator to a higher cavity, until it eventually flows out the top of the stator and pushes the oil above it up towards the surface.

3. PCPS are used to pump oil in less-than-ideal conditions, including sandy, heavy-oil or depleted wells.

1

4. Oil Lift began operations in 2000, with a revolutionary PCP system that solved the major environmental problem of crude oil leakage at the well site, while simultaneously reducing operating costs in the field.

5. Among Oil Lift's innovations is the Rod Lock, pictured below. The Rod Lock is a device that can clamp onto and securely hold in place the "polished rod," a metal rod from which all the downhole rods and equipment are suspended. After clamping and holding the polished rod in place, workers can safely service the oil pump without the need for a rig and winch line to hold the downhole rods and equipment. In addition, the Rod Lock can be equipped with a Blow Out Preventer (BOP), which prevents oil from escaping the oil well.

| Oil Lift Rod Lock | MOST Infringing Rod Lock |
|---|---|
|  | |

6. After Oil Lift introduced its Rod Locks, MOST began manufacturing and selling its Rod Locks, one of which is pictured above. The MOST Rod Locks include: MOST's Rod

Clamping BOP, Rod Clamping Dual Ram BOP, Rod Clamping Ratigan BOP, and Swivel Rod Clamping BOP (the "Accused MOST Rod Lock Products").

7. Oil Lift has obtained patents in Canada and the United States for its Rod Lock technology.

8. In 2014, Oil Lift brought an infringement action against MOST in Canada. That litigation was filed in the Federal Court of Canada (Court File No. T 271-14), involving Canadian Patents 2,349,988, and 2,716,430 (the "Canadian Patent Litigation"). That litigation was resolved in 2014, with the parties entering into a written agreement. Since the conclusion of the Canadian Patent Litigation, MOST has not been permitted to manufacture or sell ROD Lock Products in Canada.

9. On April 28, 2015, the United States Patent and Trademark Office issued the 9,016,362 patent, titled Polish Rod Locking Clamp, and on April 26, 2016, the United States Patent and Trademark Office issued the 9,322,238 patent, also titled Polish Rod Locking Clamp. These United States patents are the United States equivalents of the Oil Lift patents that Oil Lift asserted against MOST in the Canadian Patent Litigation.

10. Oil Lift brings this litigation to stop MOST from manufacturing and selling its infringing Rod Lock Products in the United States.

**THE PARTIES**

11. Oil Lift is a Canadian corporation, with its principal place of business at 37 Aero Drive NE, Calgary, Alberta, Canada.

12. On information and belief, Millennium Oilflow Systems & Technology Inc., is a Canadian corporation with its principal place of business at 4640 Eleniak Road, Edmonton, Alberta Canada.

13. On information and belief, Most Oil USA Inc. is a Delaware corporation, with its principal place of business at 14019-D, S Gessner Road, Missouri City, TX.

14. Oil Lift and MOST are competitors in the market for PCP systems.

## JURISDICTION AND VENUE

15. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. Most Oil USA Inc. is a Delaware Corporation and resides in this District. Millennium Oilflow Systems & Technology Inc. is a foreign corporation. On information and belief, MOST has engaged in activities including: transacting business in this district and purposefully directing its business activities, including offering for sale the Infringing Products in this District and in the United States. The Court has personal jurisdiction over MOST pursuant to due process and the Delaware Long Arm Statute, due at least to its continuous business contacts in this District, including committing the tort of patent infringement within this District by offering for sale the Accused MOST Rod Lock Products. In the alternative, Millennium Oilflow Systems & Technology Inc. is subject to the jurisdiction of this Court pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure.

17. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

18. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**FIRST CLAIM FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 9,016,362**

19. Oil Lift re-alleges and incorporates by reference Paragraphs 1-18 above, as if fully set forth herein.

20. The United States Patent and Trademark Office duly and properly issued U.S. Patent No. 9,016,362 (the "362 patent"), entitled "Polish Rod Locking Clamp" on April 28, 2015. The 362 patent was duly assigned to Oil Lift, which is the assignee of all right, title, and interest in and to the 362 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the 362 patent is valid and enforceable. A true and correct copy of the 362 patent is attached hereto as Exhibit 1.

21. MOST uses Oil Lift's patented features in its Accused Rod Lock Products in violation of Oil Lift's patent rights. Attached as Exhibit 2 is a claim chart showing how the MOST Swivel Rod Clamping BOP comprises each of the elements of claim 1 of the 362 patent.

22. In violation of 35 U.S.C. § 271(a), MOST has directly infringed the 362 patent by, among other things, making, using, offering for sale, selling, and/or importing into the United States unlicensed Rod Lock Clamp Products that infringe one or more of at least claims 1, 2, 3, 4 6 of the 362 patent. Such unlicensed systems, products, and/or services include, by way of example and without limitation, MOST's Rod Clamping BOP, Rod Clamping Dual Ram BOP, Rod Clamping Ratigan BOP, and Swivel Rod Clamping BOP.

23. On information and belief, MOST takes active steps to induce infringement by others of one or more of at least claims 1, 2, 3, 4, and 6 of the 362 patent in violation of 35 U.S.C. § 271(b), including customers that purchase the Accused MOST Rod Lock Products. Such active steps include, but are not limited to encouraging, advertising (including through its internet website

http://mostoil.com/products), promoting, and instructing others to use the Accused MOST Rod Lock Products. On information and belief, through its activities, including the sale of replacement parts for the Accused MOST Rod Lock Products, MOST infringes at least claims 1, 2, 3, 4, and 6 of the 362 patent in violation of 35 U.S.C. § 271(c).

24. On information and belief, through its involvement in the Canadian Patent Litigation, MOST was aware of Oil Lift's related U.S. patent applications directed to Rod Locks (including the application leading to the 362 patent), and knows or should know that such activities induce others to directly infringe one or more of at least claims 1, 2, 3, 4, and 6 of the 362 patent.

25. MOST has engaged in egregious infringement behavior with knowledge of the 362 patent, which has been duly issued by the USPTO, and is presumed valid. On information and belief, through its involvement in the Canadian Patent Litigation, MOST was aware of Oil Lift's related U.S. patent applications directed to Rod Locks (including the application leading to the 362 patent). MOST has known or should have known that its actions constituted and continue to constitute infringement of the 362 patent (and that the 362 patent is valid) at least since the issuance of the 362 patent and/or the date was notified of this Complaint. MOST could not reasonably, subjectively believe that its actions do not constitute infringement of the 362 patent nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, MOST has continued its infringing activities. As such, MOST willfully infringes the 362 patent.

26. By its actions, MOST has injured Oil Lift and is liable to Oil Lift for infringement of the 362 patent pursuant to 35 U.S.C. § 271.

27. By its actions, MOST's infringement of the 362 patent has irreparably injured Oil Lift. Unless such infringing acts are enjoined by this Court, Oil Lift will continue to suffer additional irreparable injury.

28. By its actions, MOST's infringement of the 362 patent has damaged, and continues to damage Oil Lift in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Oil Lift would have made but for MOST's infringing acts.

### SECOND CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 9,322,238

29. Oil Lift re-alleges and incorporates by reference Paragraphs 1-28 above, as if fully set forth herein.

30. The United States Patent and Trademark Office duly and properly issued U.S. Patent No. 9,322,238 (the "238 patent"), entitled "Polish Rod Locking Clamp" on April 26, 2016. The 238 patent was duly assigned to Oil Lift, which is the assignee of all right, title, and interest in and to the 238 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the 238 patent is valid and enforceable. A true and correct copy of the 238 patent is attached hereto as Exhibit 3.

31. MOST uses Oil Lift's patented features in its Accused Rod Lock Products in violation of Oil Lift's patent rights. Attached as Exhibit 4 is a claim chart showing how the MOST Swivel Rod Clamping BOP comprises each of the elements of claim 1 of the 238 patent.

32. In violation of 35 U.S.C. § 271(a), MOST has directly infringed the 238 patent by, among other things, making, using, offering for sale, selling, and/or importing into the United States unlicensed Rod Lock Clamp Products that infringe one or more of at least claims 1, 2, 13, and 14 of the 238 patent. Such unlicensed systems, products, and/or services include, by way of

example and without limitation, MOST's Rod Clamping BOP, Rod Clamping Dual Ram BOP, Rod Clamping Ratigan BOP, and Swivel Rod Clamping BOP.

33.     On information and belief, MOST takes active steps to induce infringement by others of one or more of at least claims 1, 2, 13, and 14 of the 238 patent in violation of 35 U.S.C. § 271(b), including customers that purchase the Accused MOST Rod Lock Products. Such active steps include, but are not limited to encouraging, advertising (including through its internet website http://mostoil.com/products), promoting, and instructing others to use the Accused MOST Rod Lock Products. On information and belief, through its activities, including the sale of replacement parts for the Accused MOST Rod Lock Products, MOST infringes at least claims 1, 2, 13, and 14 of the 238 patent in violation of 35 U.S.C. § 271(c).

34.     On information and belief, through its involvement in the Canadian Patent Litigation, MOST was aware of Oil Lift's related U.S. patent applications directed to Rod Locks (including the application leading to the 238 patent), and knows or should know that such activities induce others to directly infringe one or more of at least claims 1, 2, 13, and 14 of the 238 patent.

35.     MOST has engaged in egregious infringement behavior with knowledge of the 238 patent, which has been duly issued by the USPTO, and is presumed valid.  On information and belief, through its involvement in the Canadian Patent Litigation, MOST was aware of Oil Lift's related U.S. patent applications directed to Rod Locks (including the application leading to the 238 patent). MOST has known or should have known that its actions constituted and continue to constitute infringement of the 238 patent (and that the 238 patent is valid) at least since the issuance of the 238 patent and/or the date was notified of this Complaint. MOST could not reasonably, subjectively believe that its actions do not constitute infringement of the 238 patent nor could it reasonably, subjectively believe that the patent is invalid.  Despite that knowledge and subjective

belief, and the objectively high likelihood that its actions constitute infringement, MOST has continued its infringing activities. As such, MOST willfully infringes the 238 patent.

36. By its actions, MOST has injured Oil Lift and is liable to Oil Lift for infringement of the 238 patent pursuant to 35 U.S.C. § 271.

37. By its actions, MOST's infringement of the 238 patent has irreparably injured Oil Lift. Unless such infringing acts are enjoined by this Court, Oil Lift will continue to suffer additional irreparable injury.

38. By its actions, MOST's infringement of the 238 patent has damaged, and continues to damage Oil Lift in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Oil Lift would have made but for MOST's infringing acts.

## PRAYER FOR RELIEF

WHEREFORE, Oil Lift respectfully prays for entry of judgment as follows:

A. A preliminary injunction against MOST from further infringement of U.S. Patent Nos. 9,016,362 and 9,322,238;

B. A declaration that each of the Accused MOST Rod Locks infringe U.S. Patent Nos. 9,016,362 and 9,322,238;

C. A finding that MOST's infringement has been willful;

D. An award of damages adequate to compensate Oil Lift for the patent infringement that has occurred, together with pre-judgment interest and costs;

E. An accounting for acts of infringement not presented at trial and/or up to the judgment and an award by the Court of additional damages for any such acts of infringement;

F. A permanent injunction against MOST from further infringement, or alternatively, award an ongoing royalty for MOST's post-verdict infringement, payable on each product or service

offered by MOST that is found to infringe one or more of the patents asserted herein, and on all future products and services that are not colorably different from those found to infringe;

G. An award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

H. A finding that this is an exceptional case and an award to MOST of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

I. Such other relief, including other monetary and equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Oil Lift demands a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated:  August 25, 2017             **FISH & RICHARDSON P.C.**

By: */s/ Susan Morrison*
Susan Morrison (#4690)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114
Tel:  302) 778-8407
morrison@fr.com

Christopher R. Dillon (*pro hac* pending)
Whitney A. Reichel (*pro hac* pending)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone: 617-542-5070
dillon@fr.com
wreichel@fr.com

*Attorneys for Plaintiff Oil Lift Technology Inc.*